Marshall, C. J.
 

 Cause No. 21250 is an error proceeding from the Court of Appeals of Cuyahoga county, Ohio, praying the reversal of a judgment of that court affirming a judgment of conviction of plaintiffs in error in the court of common pleas of Cuyahoga county on a joint indictment charging solicitation of a bribe.
 

 Cause No. 21255 is an original suit filed in this court in mandamus seeking to compel Charles G. White, as one of the common pleas judges of the state of Ohio, sitting by designation in Cuyahoga county, and who presided over the trial of the relators upon said joint indictment, to vacate and rescind the judgment and sentence of the court on the ground that said judge, did not comply with Section 13694 of the General Code, which requires that the judge, before pronouncing sentence, shall ask each defendant whether he has anything to say why judgment should not be pronounced against him. Inasmuch as both cases involve the same controversy, and attack the same record, and as each of the cases seeks the same ultimate relief, by different methods, they have been argued together and will be disposed of in one opinion.
 

 Upon examination of the record in the error proceeding and the numerous assignments of error as set forth in the petition in error, we find no preju
 
 *316
 
 dicial error in said record, except upon the seventh assignment of error, as .follows:
 

 “Said court erred in neglecting and refusing to ask the plaintiffs in error if they had anything to say as to why sentence should not be passed upon them as provided by statute.”
 

 An examination of the bill of exceptions discloses the following statement:
 

 “Thereupon on the - day of - the court passed sentence upon the defendants as appears of record herein; to which defendants then and there duly excepted, and defendants then and there excepted to the omission of the court to ask the defendants if they had anything to say as to why sentence should not be passed upon them.”
 

 Section 13694, General Code, provides:
 

 “Before sentence is pronounced, the defendant must be informed, by the court, of the verdict of the jury and asked whether he has anything to say why judgment should not be pronounced against him.”
 

 This statutory provision is mandatory, and, unless waived by the accused, it was the duty of the court to afford the accused the opportunity to speak. Each of the accused persons is now complaining of having been denied that opportunity. The bill of exceptions clearly shows that the opportunity was not afforded. The case would be one of no difficulty whatever except for the fact that the clerk in preparing the usual formal journal entry followed the usual form and caused the entry to state that the usual question was propounded. It is now claimed that that entry was a purely formal matter and did not involve any affirmative - action on the part of the court, and that it was never submitted to either
 
 *317
 
 court or counsel for approval. Thereafter a motion was made by the defendants to vacate and rescind the order because of the failure to propound the question, as provided by the .statute. The journal entry therefore makes one statement, and the bill of exceptions flatly contradicts it. We are of opinion that all reasonable doubts concerning statutory procedure relative to the trial and sentence of accused persons should be resolved in their favor to the same extent that juries are required to resolve all reasonable doubts in their favor in the course of their deliberations, ■ If the defendants have not been afforded the opportunity to speak in their own behalf before sentence, that opportunity should yet be afforded to them.
 

 It further appears by the record that the trial judge overruled the motion to vacate and rescind the judgment entry without giving counsel a hearing. If the judge had given counsel a hearing upon that motion and had found that the proceedings were regular, and that the question had been propounded, and had at the same time corrected the bill of exceptions to make it conform to such finding, the accused persons would have no grounds of error. A hearing having been denied upon that motion, and the record still disclosing a reasonable doubt as to what actually occurred, the judgment of the Court of Appeals will be reversed; and the judgment of the common pleas court will likewise be reversed and this cause remanded to the court of common pleas for resentence of plaintiffs in error, and for no other purpose.
 

 Coming now to dispose of the action in mandamus, it would manifestly be a vain thing to order the
 
 *318
 
 judgment entry in the trial court to be vacated and rescinded because of the order already made in the error case requiring the court to resentence each of the defendants, after affording them an opportunity to be heard in their own behalf.
 

 Judgment in cause No. 21250 reversed, and defendants ordered to be resentenced. Judgment in cause No. 21255 in favor of defendant, but for good cause shown costs are taxed against defendant.
 

 Judgment
 
 reversed,
 
 in cause No. 21250.
 

 Writ denied in cause No. 21255.
 

 Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.