OPINION *Page 2 
{¶ 1} This case comes before this court on the appeal of the appellant, Keith Massey, of his re-sentence following this court's remand to the trial court for re-sentencing in accord with State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The Stark County Grand Jury indicted appellant for burglary, in violation of R.C. 2911.12(A) (3), a third degree felony.
 {¶ 3} After a trial, on January 30, 2006, a jury found appellant guilty of burglary. Following the verdict, the trial court immediately proceeded to sentencing. Appellant was asked whether he wished to say anything and he declined. The trial court acknowledged appellant's extensive criminal history, the record, the oral statements and the victim impact statement. Appellant was sentenced to five years in prison and three years of post-release control. For a complete statement of the underlying facts see, State v. Massey, Fifth Dist. No. 2006-CA-00042,2006-Ohio-5553.
 {¶ 4} Appellant timely appealed his conviction and sentence. In a decision filed on October 16, 2006, this Court affirmed appellant's conviction, but remanded this case for re-sentencing in light of the Supreme Court of Ohio's remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in the Foster decision.
 {¶ 5} On remand, the Trial Court held a re-sentencing hearing on November 6, 2006. Appellant was represented by counsel. At the hearing, appellant was asked whether he had anything to say "on your own behalf relative to sentencing." After *Page 3 
expressing a query as to why he was being brought back for a five year re-sentence, he stated he had nothing to say. The trial court then stated:
 {¶ 6} "[COURT]: Very well. The Court has considered the record in this case once again, the oral statements, the applicable sentencing guidelines. Court has also considered the victim impact statement which the Court is required to do. Based upon all the aforementioned, the Court is going to impose a prison term, that being a 5 year prison term, and actually the Court is going to re-impose that prison term". (T. November 6, 2006 at 5).
 {¶ 7} The trial court then informed appellant concerning post release control. No restitution was ordered. Appellant was informed of his right to appeal. After asking the parties whether there was anything further "relative to this re-sentencing" and receiving a negative response, the trial court concluded the hearing.
 {¶ 8} The sentence was memorialized in a Judgment Entry filed on November 14, 2006.
 {¶ 9} It is from this Judgment Entry that appellant now appeals raising the following three assignments of error for our consideration:
 {¶ 10} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING A SENTENCE WITHOUT FIRST INFORMING THE DEFENDANT OF THE VERDICT OF THE JURY.
 {¶ 11} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING A SENTENCE WITHOUT FIRST ASKING THE DEFENDANT WHETHER THE DEFENDANT HAD ANYTHING TO SAY AS TO WHY SENTENCE SHOULD NOT BE IMPOSED UPON THE OFFENDER. *Page 4 
 {¶ 12} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING A SENTENCE WITHOUT FIRST ASKING THE DEFENDANT IF HE WISHED TO PRESENT ANY INFORMATION IN MITIGATION OF PUNISHMENT."
 I., II. III. {¶ 13} Each of appellant's assignments of error concern procedural errors which he alleges occurred during the trial court's re-sentencing hearing of November 6, 2006. Accordingly, we shall address the assignments of error collectively.
 {¶ 14} In his first assignment of error, appellant argues that the trial court failed to inform appellant of the verdict of the jury. In his second assignment of error appellant maintains that the trial court erred by not properly inquiring of appellant whether he had anything to say before the court re-imposed sentence. In his third assignment of error appellant contends that the trial court erred by not asking appellant if he wished to present any information in mitigation of punishment.
 {¶ 15} We note, at the outset, that the failure of a trial court to ask a defendant whether he has anything to say before sentence is imposed is not a constitutional error. Hill v. United States (1962),368 U.S. 424, 428, 82 S.Ct. 468. Although not considered a constitutional right, the right of allocution is firmly rooted in the common-law tradition. Green v. United States (1961), 365 U.S. 301, 304,81 S.Ct. 653.
 {¶ 16} R.C. 2929.19 governs the trial court's duty to conduct a sentencing hearing. The statute states, in relevant part:
 {¶ 17} "(A)(1) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before re-sentencing an offender who was convicted of or pleaded guilty to *Page 5 
a felony and whose case was remanded pursuant to section 2953.07 or2953.08 of the Revised Code. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender".
 {¶ 18} A trial court's failure to address the defendant at sentencing is not prejudicial in every case. State v. Campbell, 90 Ohio St.3d 320,325, 2000-Ohio-183, 738 N.E.2d 1178, 1189. "[T]he reviewing court must engage in a specific analysis of the trial court record — a so-called "harmless error" inquiry — to determine whether the error "affect[ed] substantial rights" of the criminal defendant. This language has been interpreted to "mean that the error must have beenprejudicial: It must have affected the outcome of the [trial] court proceedings." (Emphasis added.) Id. at 734, 113 S.Ct. 1770,123 L.Ed.2d 508". State v. Fisher, 99 Ohio St.3d 127, 129, 2003-Ohio-2761 at ¶ 7,789 N.E.2d 222, 225.
 {¶ 19} In the case at bar, the trial court's failure to announce the verdict of the jury during the re-sentencing hearing was harmless beyond a reasonable doubt. Appellant does not contend that he was unaware of his conviction for one count of burglary in January, 2006. The error did not affect the substantial rights of the appellant. Appellant has failed in his burden to demonstrate that he suffered any prejudice by the trial court's failure to inform him of the jury's verdict.
 {¶ 20} Accordingly, appellant's first assignment of error is overruled. *Page 6 
 {¶ 21} Crim. R. 32 also describes the trial court's duty upon imposition of sentence. The rule provides:
 {¶ 22} "(A) Imposition of sentence. Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, the court shall do all of the following:
 {¶ 23} "(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
 {¶ 24} "(2) Afford the prosecuting attorney an opportunity to speak;
 {¶ 25} "(3) Afford the victim the rights provided by law;
 {¶ 26} "(4) In serious offenses, state its statutory findings and give reasons supporting those findings, if appropriate."
 {¶ 27} The rule refers to what is commonly called the defendant's right of allocution.
 {¶ 28} "A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." State v. Green (2000), 90 Ohio St. 3d 352, 359-60,738 N.E.2d 1208. The requirement of allocution is considered fulfilled when the conduct of the court clearly indicates to the defendant and his counsel that each has a right to make a statement prior to the imposition of sentence. Defiance v. Cannon (1990), 70 Ohio App.3d 821, 828,592 N.E.2d 884, citing United States v. Byars (C.A.6, 1961), 290 F.2d 515, 517. The right to allocution is both absolute and not subject to waiver due to a defendant's failure to object. State v. Campbell, 90 Ohio St.3d 320,325-326, 738 N.E.2d 1178. When a trial court imposes *Page 7 
sentence without first asking the defendant whether he or she has anything to say in his or her defense, the judgment of sentence shall be reversed and the cause shall be remanded for re-sentencing, unless the error is invited or harmless. Campbell, 90 Ohio St.3d at 326,738 N.E.2d 1178; Silsby v. State (1928), 119 Ohio St. 314, 164 N.E. 232, at paragraphs one and two of the syllabus. The remedy for a violation of a defendant's right of allocution is to remand the case for re-sentencing.Green, supra, 90 Ohio St.3d at 360, 738 N.E.2d 1208; Silsby v.State, supra, 119 Ohio St. at 314, 164 N.E. at 232.
 {¶ 29} In Green v. United States (1961), 365 U.S. 301, 302,81 S.Ct. 653 the Court addressed a general inquiry, "Did you want to say something?" and it was unclear whether the question was directed at defense counsel or the defendant. The Court there determined that inquiry was sufficient to satisfy Federal Rule of Criminal Procedure32(a), which provides, "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment." Specifically, the court in Green, noted: "[h]owever, we do not read the record before us to have denied the defendant the opportunity to which Rule 32(a) entitled him. The single pertinent sentence-the trial judge's question `Did you want to say something?'-may well have been directed to the defendant and not to his counsel. A record, certainly this record, unlike a play, is unaccompanied with stage directions which may tell the significant cast of the eye or the nod of the head. It may well be that the defendant himself was recognized and sufficiently apprised of his right to speak and chose to exercise this right through his counsel. Especially is this conclusion warranted by the fact that the defendant has raised this claim seven years after the occurrence. The defendant has failed to meet his burden of showing that he *Page 8 
was not accorded the personal right which Rule 32(a) guarantees, and we therefore find that his sentence was not illegal". Id. at365 U.S. 304-5, 81 S.Ct. 655.
 {¶ 30} In the case at bar, the trial court permitted appellant's counsel and appellant to make a statement before re-sentencing appellant. After counsel made a statement, the trial court specifically asked "Mr. Massey, anything further you wish to say on your behalf relative to sentencing, sir? "(T. at 4). Appellant responded "[y]ou brought me up here to re-sentence me to 5 years all over again?" (Id.). The court responded "Sir, I am following the mandate of the Fifth District Court of Appeals." (Id.). Appellant then responded "No, I ain't got nothing to say." (Id. at 4-5).
 {¶ 31} While it is true that the trial court did not use the exact words of Crim.R. 32, it did give both counsel and appellant the opportunity to make a statement. State v. Burkey, 6th Dist. No. S-02-008, 2003-Ohio-1407; State v. Crable, 7th Dist. No. 04 BE 17, 2004-Ohio-6812 at ¶ 12. Thus, the trial court adhered to the standard imposed by Crim.R. 32(A) (1), and Green, since appellant was asked personally whether he wanted to speak on his behalf before sentencing. State v. Crable, supra at ¶ 20; State v. Burkey, supra at ¶ 31.
 {¶ 32} Accordingly, appellant's second and third assignments of error are overruled. *Page 9 
 {¶ 33} For the forgoing reasons, the judgment of the Stark County Court of Common Pleas, Ohio, is affirmed.
 Gwin, P.J., Wise, J., and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Ohio, is affirmed. Costs to appellant. *Page 1