OPINION *Page 2 
{¶ 1} This case comes before this court on the appeal of the appellant, George A. Keeton, of his re-sentence following the remand to the trial court for re-sentencing in accord with State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} A jury found appellant guilty of one count of kidnapping; one count of aiding and abetting kidnapping; two counts of rape; two counts of aiding and abetting rape; one count of tampering with evidence; one count of bribery; one count of felonious assault; and one count of aiding and abetting felonious assault. For a complete statement of the underlying facts, see State v. Keeton, 5th Dist. No. 03 CA 43, 2004-Ohio-3676.
 {¶ 3} On April 2, 2003, the trial court sentenced appellant to a total term of forty years in prison. Appellant timely filed a notice of appeal. On July 9, 2004 this Court, affirmed appellant's conviction.State v. Keeton, 5th Dist. No. 03 CA 43, 2004-Ohio-3676.
 {¶ 4} On July 19, 2004, appellant filed an application for reconsideration that this court denied on August 16, 2004. Appellant then filed a timely notice of appeal and jurisdictional memorandum in the Ohio Supreme Court. The Ohio Supreme Court denied leave to appeal and dismissed appellant's appeal as not involving any substantial constitutional question on November 10, 2004. State v. Keeton,103 Ohio St.3d 1527, 2004-Ohio-5852, 817 N.E.2d 410. *Page 3 
 {¶ 5} On January 7, 2005, Keeton filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his criminal conviction. The United States District Court for the Northern District, Eastern Division granted appellant's writ of habeas corpus in part with respect to Ground Two, and denied the petition in part on the remaining grounds. Keeton v. Bradshaw (ND OH Sept. 8, 2006), No 1:05CV0033, 2006 WL 2612899. The matter was remanded to the Court of Common Pleas, Richland County, Ohio, for re-sentencing consistent withBlakely v. Washington (2004), 542 U.S. 296 and State v. Foster(2006), 109 Ohio St. 3d 1.
 {¶ 6} On September 18, 2006, Keeton filed a "Motion for a New Trial or to Alter and Amend Judgment" pursuant to Fed.R.Civ.P. 52 and 59, requesting that the Court "alter and amend the judgment that was entered on September 8, 2006. The United States District court for the Northern District, Eastern Division dismissed the motion for lack of jurisdiction. Keeton v. Bradshaw (ND OH 1-17, 2007), No. 1:05CV0033,2007 WL 142056.
 {¶ 7} On remand, the Trial Court held a re-sentencing hearing on January 17, 2007. Appellant was represented by the same counsel who had pursed his direct appeal and federal appeals. Prior to his re-sentencing hearing, the appellant's counsel filed a motion to satisfy sentence and discharge defendant. In that motion, counsel alleged that he was entitled to a statutory minimum, concurrent sentence, which he had already served. The appellant's counsel also alleged that re-sentencing him under Foster violated Ex Post Facto and Due Process. An oral hearing was held on this motion on January 17, 2007, prior to the appellant's re-sentencing hearing. At that hearing, the trial court heard arguments from both sides, and overruled the appellant's motion. *Page 4 
 {¶ 8} The court then re-sentenced the appellant to six years on count 1, nine years on count 2, eight years each on counts 3, 4, and 5, nine years on count 6, two years each on counts 7 and 8, and five years each on counts 9 and 10. The court ordered that the sentences for counts 1, 2, 3, 4, and 6 run consecutively for a total sentence of forty years. Prior to imposing this sentence, the court indicated that it was incorporating its comments from the original sentencing hearing regarding the seriousness and recidivism criteria, but was not incorporating the findings that were no longer required afterFoster. The trial court's Judgment Entry on re-sentencing was filed May 2, 2007.
 {¶ 9} It is from this Judgment Entry that appellant now appeals raising the following four assignments of error for our consideration:
 {¶ 10} "I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED DEFENDANT'S MOTION TO SATISFY HIS SENTENCE AND DISCHARGE DEFENDANT.
 {¶ 11} "II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ABUSED DISCRETION IN SENTENCING DEFENDANT WITHOUT CONSIDERATION OF THE APPLICABLE STATUTORY CRITERIA.
 {¶ 12} "III. DEFENDANT WAS DENIED HIS RIGHTS UNDER THE SIXTH ANDFOURTEENTH AMENDMENT WHEN THE COURT BASED ITS SENTENCE ON FINDINGS IT PREVIOUSLY MADE AT THE ORIGINAL SENTENCING.
 {¶ 13} "IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT FAILED TO AFFORD DEFENDANT HIS RIGHT OF ALLOCUTION." *Page 5 
 I. {¶ 14} In his first assignment of error, appellant argues the trial court erred in applying State v. Foster (2006), 109 Ohio St.3d 1
retroactively in violation of his constitutional rights. We disagree.
 {¶ 15} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional pursuant to Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, because said provisions required judicial fact-finding to exceed the sentence allowed simply as a result of a conviction or plea. To remedy Ohio's felony sentencing statutes, the Ohio Supreme Court severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption. Foster at ¶ 97.
 {¶ 16} The crux of appellant's present argument is that theFoster remedy, i.e., his re-sentencing upon remand, violates his constitutional due process rights and constitutional protection from ex post facto laws. However, this Court exhaustively addressed the same issue in State v. Paynter, Muskingum App. No. CT2006-0034,2006-Ohio-5542.
 {¶ 17} Furthermore, every Ohio Appellate District has either followedPaynter or similarly ruled that Foster did not violate the ex post facto clause or a defendant's due process rights. State v. Lochett, 1st Dist. No. C-060404, 2007-Ohio-308; State v. Smith, 2d Dist. No. 21004,2006-Ohio-4405; State v. Grimes, 4th Dist. No. 04CA17, 2006-Ohio-6360;State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448; State v.Palmer, 7th Dist. No. 06-JE-20, 2007-Ohio1572; State v. Mallette, 8th Dist. No. 87984, 2007-Ohio *Page 6 
715; State v. Hildreth, 9th Dist. No. 06CA008879, 2006-Ohio-5058;State v. Lowe, 10th Dist. No. 06AP-673, 2007-Ohio-504; State v.Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783; State v.Andrews, 12th Dist. No. CA2006-06-142, 2007-Ohio-223.
 {¶ 18} Based upon our holding in Paynter, we find the sentence imposed in the case sub judice did not violate appellant's rights under the due process or ex post facto clauses of the United States Constitution.
 {¶ 19} Appellant's first assignment of error is overruled.
 II. III. {¶ 20} In his second assignment of error appellant argues that he was denied due process of law because the trial court failed to properly consider the purposes and principles of sentencing. In his third assignment of error appellant contends that the trial court based its sentence upon facts not found by the jury or admitted by the defendant in violation of Foster. We disagree.
 {¶ 21} At the outset we note, there is no constitutional right to an appellate review of a criminal sentence. Moffitt v. Ross (1974),417 U.S. 600, 610-11, 94 S.Ct. 2437, 2444; McKane v. Durston (1894),152 U.S. 684, 687, 14 S.Ct. 913. 917; State v. Smith (1997),80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668; State v. Firouzmandi, 5th Dist No. 2006-CA-41, 2006-Ohio-5823. This proposition has been firmly established as noted by the Ohio Supreme Court: "[t]he United States Supreme Court in Estelle v. Dorrough (1975), 420 U.S. 534, 536, 95 S.Ct. 1173, 1175,43 L.Ed.2d 377, 380, held, `there is no federal constitutional right to state appellate review of state criminal convictions.' The Supreme Court has stated that `the right of appeal is not essential to due process, provided that due process has already been accorded in the tribunal of *Page 7 
first instance.' State ex rel. Bryant v. Akron Metro. Park Dist. (1930),281 U.S. 74, 80, 50 S.Ct. 228, 230.
 {¶ 22} An individual has no substantive right to a particular sentence within the range authorized by statute. Gardner v. Florida (1977),430 U.S. 349, 358, 97 S.Ct. 1197, 1204-1205. In other words "[t]he sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus. It is not the duration or severity of this sentence that renders it constitutionally invalid. . . ." Townsend v. Burke (1948), 334 U.S. 736,741, 68 S.Ct. 1252, 1255. However, "[t]he defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process. See Witherspoon v. Illinois,391 U.S. 510, 521-523, 88 S.Ct. 1770, 1776-1778, 20 L.Ed.2d 776". Gardner v.Florida (1977), 430 U.S. 349, 358, 97 S.Ct. 1197, 1204-1205.
 {¶ 23} Under Ohio law, judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. SeeState v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856;State v. Mathis, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855. Instead, the trial court is vested with discretion to impose a prison term within the statutory range. See Mathis, at ¶ 36. In exercising its discretion, the trial court must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself." Id. at ¶ 37. Thus, post- *Page 8 Foster, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster at ¶ 42. State v. Rutter, 5th Dist. No. 2006-CA-0025,2006-Ohio-4061; State v. Delong, 4th Dist. No. 05CA815, 2006-Ohio-2753
at ¶ 7-8. Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions.
 {¶ 24} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. State v.Polick (1995), 101 Ohio App.3d 428, 431; State v. Gant, Mahoning App. No. 04 MA 252, 2006-Ohio-1469, at ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing State v. Cyrus (1992),63 Ohio St.3d 164, 166; State v. Hughes, Wood App. No. WD-05-024, 2005-Ohio-6405, at ¶ 10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), State v. Woods, 5th Dist. No. 05 CA 46, 2006-Ohio-1342 at ¶ 19
(". . . R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).
 {¶ 25} Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite its reasons. State v.Middleton (Jan. 15, 1987), 8th Dist. No. 51545. In other words, an appellate court may review the record to determine whether the trial court failed to *Page 9 
consider the appropriate sentencing factors. State v. Firouzmandi, 5th Dist No. 2006-CA41, 2006-Ohio-5823 at ¶ 52.
 {¶ 26} Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. Cincinnati v. Clardy (1978), 57 Ohio App.2d 153, 385 N.E.2d 1342. An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. Woosley v. United States (1973), 478 F.2d 139, 147. The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. Woosley, supra at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence. Woosley, supra at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. State v. Firouzmandi, supra.
 {¶ 27} There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of appellant's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.
 {¶ 28} At the re-sentencing hearing, the trial court noted: *Page 10 
 {¶ 29} "I'm then required to determine from the various factors that are set out in Senate Bill II, specifically having to do with the need to protect the public and the nature of the defendant's particular offenses, and the various factors which need to be weighed in terms of recidivism and findings I made are no longer necessary to be found. But the seriousness of the offense, the aggravated nature of the crimes Mr. Keeton committed would still be described in the same way I described them then . . ." [Re-Sent. T. at 7-8]. Appellant's counsel did not object nor request additional findings or explanations.
 {¶ 30} Based on the transcript of the sentencing hearing and the subsequent judgment entry, this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated appellant's rights to due process under the Ohio and United States Constitutions in its sentencing appellant.
 {¶ 31} Further the fact that the trial court explained his reasons for imposing sentence does not violate a defendant's rights. In State v.Goggans, Delaware App. No. 2006CA070051, 2007-Ohio-1433 this Court noted:
 {¶ 32} "The court could have imposed the maximum sentence without making any statement on the record. The fact that the trial judge explained his reasons for imposing the maximum sentence on the record cannot transform a sentence within the ranges provided by statute into a constitutionally infirm sentence on the grounds that the statements constitute impermissible `judicial fact-finding.'"
 {¶ 33} Accordingly, the mere fact that the trial court used language from R.C. 2929.14(C) to explain a sentencing decision does not affect the sentence of appellant. *Page 11 
This Court does not find the use of this language to be unreasonable, arbitrary or unconscionable.
 {¶ 34} Appellant's second and third assignments of error are overruled.
 IV. {¶ 35} In his fourth assignment of error appellant argues that he was denied his right to due process because the trial court failed to afford him a right of allocution. We disagree.
 {¶ 36} We note, at the outset, that the failure of a trial court to ask a defendant whether he has anything to say before sentence is imposed is not a constitutional error. Hill v. United States (1962),368 U.S. 424, 428, 82 S.Ct. 468. Although not considered a constitutional right, the right of allocution is firmly rooted in the common-law tradition. Green v. United States (1961), 365 U.S. 301, 304,81 S.Ct. 653.
 {¶ 37} R.C. 2929.19 governs the trial court's duty to conduct a sentencing hearing. The statute states, in relevant part:
 {¶ 38} "(A)(1) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before re-sentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of *Page 12 
the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender."
 {¶ 39} A trial court's failure to address the defendant at sentencing is not prejudicial in every case. State v. Campbell, 90 Ohio St.3d 320,325, 2000-Ohio-183, 738 N.E.2d 1178, 1189. "[T]he reviewing court must engage in a specific analysis of the trial court record — a so-called "harmless error" inquiry — to determine whether the error "affect[ed] substantial rights" of the criminal defendant. This language has been interpreted to "mean that the error must have beenprejudicial: It must have affected the outcome of the [trial] court proceedings." (Emphasis added.) Id. at 734, 113 S.Ct. 1770,123 L.Ed.2d 508". State v. Fisher, 99 Ohio St.3d 127, 129, 2003-Ohio-2761 at ¶ 7,789 N.E.2d 222, 225.
 {¶ 40} Crim. R. 32 also describes the trial court's duty upon imposition of sentence. The rule provides:
 {¶ 41} "(A) Imposition of sentence. Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, the court shall do all of the following:
 {¶ 42} "(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
 {¶ 43} "(2) Afford the prosecuting attorney an opportunity to speak;
 {¶ 44} "(3) Afford the victim the rights provided by law;
 {¶ 45} "(4) In serious offenses, state its statutory findings and give reasons supporting those findings, if appropriate." *Page 13 
 {¶ 46} The rule refers to what is commonly called the defendant's right of allocution.
 {¶ 47} "A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." State v. Green (2000), 90 Ohio St.3d 352, 359-60,738 N.E.2d 1208. The requirement of allocution is considered fulfilled when the conduct of the court clearly indicates to the defendant and his counsel that each has a right to make a statement prior to the imposition of sentence. Defiance v. Cannon (1990), 70 Ohio App.3d 821, 828,592 N.E.2d 884, citing United States v. Byars (C.A.6, 1961), 290 F.2d 515, 517. The right to allocution is both absolute and not subject to waiver due to a defendant's failure to object. State v. Campbell, 90 Ohio St.3d 320,325-326, 738 N.E.2d 1178. When a trial court imposes sentence without first asking the defendant whether he or she has anything to say in his or her defense, the judgment of sentence shall be reversed and the cause shall be remanded for re-sentencing, unless the error is invited orharmless. Campbell, 90 Ohio St.3d at 326, 738 N.E.2d 1178; Silsby v.State (1928), 119 Ohio St. 314, 164 N.E. 232, at paragraphs one and two of the syllabus. [Emphasis added]. The remedy for a violation of a defendant's right of allocution is to remand the case for re-sentencing.Green, supra, 90 Ohio St.3d at 360, 738 N.E.2d 1208; Silsby v.State, supra, 119 Ohio St. at 314, 164 N.E. at 232.
 {¶ 48} In Green v. United States (1961), 365 U.S. 301, 302,81 S.Ct. 653 the Court addressed a general inquiry, "Did you want to say something?" and it was unclear whether the question was directed at defense counsel or the defendant. The Court there determined that inquiry was sufficient to satisfy Federal Rule of Criminal Procedure *Page 14 
32(a), which provides, "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment." Specifically, the court in Green, noted: "[h]owever, we do not read the record before us to have denied the defendant the opportunity to which Rule 32(a) entitled him. The single pertinent sentence-the trial judge's question `Did you want to say something?'-may well have been directed to the defendant and not to his counsel. A record, certainly this record, unlike a play, is unaccompanied with stage directions which may tell the significant cast of the eye or the nod of the head. It may well be that the defendant himself was recognized and sufficiently apprised of his right to speak and chose to exercise this right through his counsel. Especially is this conclusion warranted by the fact that the defendant has raised this claim seven years after the occurrence. The defendant has failed to meet his burden of showing that he was not accorded the personal right which Rule 32(a) guarantees, and we therefore find that his sentence was not illegal." Id. at 365 U.S. 304-5, 81 S.Ct. 655.
 {¶ 49} In the case at bar, the trial court heard counsel for the appellant's arguments concerning sentencing. [Re-Sent. T. at 3; 5-6]. Further appellant's counsel did not object or request an opportunity for appellant to address the court.
 {¶ 50} Under the doctrine of "invited error," it is well settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." State ex rel. Smithv. O'Connor (1995), 71 Ohio St.3d 660, 663, citing State ex rel. Fowlerv. Smith (1994), 68 Ohio St.3d 357, 359. See, also, Lester v. Leuck
(1943), 142 Ohio St. 91, paragraph one of the syllabus. As the Ohio Supreme Court has stated: *Page 15 
 {¶ 51} "The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible."Lester at 92-93, quoting State v. Kollar (1915), 142 Ohio St. 89, 91.
 {¶ 52} Appellant has not articulated how he was prejudiced by the failure of the trial court to inquire of him whether he has anything to say in his defense, especially where, as here, the appellant was being re-sentenced to the same term as at his original sentencing hearing.
 {¶ 53} Appellant's fourth assignment of error is overruled. *Page 16 
 {¶ 54} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
 Gwin, P.J., Farmer, J., and Wise, J., concur *Page 17 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed. Costs to appellant. *Page 1