[Cite as *State v. Bodnar*, 2013-Ohio-1115.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 12-MA-77 |
| | ) | |
| MARISA BODNAR, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Youngstown
Municipal Court of Mahoning County,
Ohio
Case No. 11CRB1798Y

JUDGMENT:                                   Affirmed

APPEARANCES:
For Plaintiff-Appellee                         Dana Lantz
City Prosecutor
Bassil Ally
Assistant Prosecutor
Youngstown Prosecutor's Office
26 S. Phelps St.
Youngstown, Ohio 44503

For Defendant-Appellant                    Attorney Timothy J. Cunning
940 Windham Court, Suite 4
Boardman, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: March 22, 2013

DONOFRIO, J.

{¶1} Defendant-appellant, Marisa Bodnar, appeals from a Youngstown Municipal Court judgment convicting her of two counts of owning pit bulls and one count of cruelty against animals and the sentence that followed.

{¶2} On September 1, 2011, a humane agent filed complaints alleging that appellant was housing pit bulls and was guilty of cruelty against animals. Appellant was charged with five counts of violating the prohibition against pit bulls, first-degree misdemeanors in violation of Youngstown Municipal Ordinance 505.191(B), and two counts of cruelty against animals, second-degree misdemeanors in violation of R.C. 959.131(C)(2).

{¶3} Appellant initially entered a not guilty plea. She later entered into a plea agreement with plaintiff-appellee, the City of Youngstown, whereby she entered no contest pleas to two violations of Youngstown Municipal Ordinance 505.191(B) and one violation of R.C. 959.131(C)(2). In exchange, the city dismissed the remaining charges. The trial court found appellant guilty.

{¶4} The trial court later held a sentencing hearing. The trial court sentenced appellant to 180 days in jail on each of the two first-degree misdemeanors, to be served consecutive to each other, and a $250 fine on each of the three counts, for a total of 360 days in jail and $750 in fines.

{¶5} Appellant filed a timely notice of appeal on April 23, 2012. On appellant's motion, the trial court stayed her sentence pending this appeal.

{¶6} Appellant raises two assignments of error, the first of which states:

THE TRIAL COURT DEPRIVED THE APPELLANT OF HER RIGHT OF ALLOCUTION.

{¶7} Appellant argues that the trial court failed to provide her with a meaningful opportunity to address the court before sentencing her. She contends that the trial court should not have cut her off during her comments to the court. She states that the court only permitted her to speak four and a half sentences. Thus, appellant contends she was denied her right of allocution.

**{¶8}** Crim.R. 32(A)(1) provides that when imposing sentence, the trial court shall: "Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." This is known as the right of allocution. The right of allocution applies in both felony and misdemeanor cases. *State v. Jones*, 7th Dist. No. 02-BE-65, 2003-Ohio-3285, ¶15.

**{¶9}** We must examine the colloquy between the court, appellant, and appellant's counsel to determine whether the court afforded appellant her right of allocution.

**{¶10}** Appellant's counsel first made a statement on her behalf. Counsel attempted to lessen appellant's culpability by arguing that appellant was really an animal lover and she took in the dogs as strays. (Tr. 9-10). Counsel went on to state that appellant's intentions were good-hearted. (Tr. 10). And counsel told the court that appellant had two dogs at home that are properly licensed and in good health. (Tr. 10-11).

**{¶11}** After counsel's statement in mitigation of sentence, the court asked appellant if there was anything she wanted to say. Appellant stated:

> MISS BODNAR: I would just like to say that the dogs that I own I made sure that they were checked out by, me and my lawyer through Animal Charity. They were in good health. I have had the one for seven years. My (inaudible) I had for a year and they are in good health. I know now never to - -
>
> THE COURT: Why doesn't anybody want to talk about this? Why don't you want to talk about this? This is what you're here for.
>
> MISS BODNAR: I know. The pictures, I took in dogs that I thought I could help.
>
> THE COURT: And you starved them to death.
>
> MISS BODNAR: I was wrong.

(Tr. 11-12).

{¶12} The court then imposed its sentence. While the court did cut appellant off during her initial statement, appellant's opportunity to address the court did not end there as she suggests. Instead, after the court questioned appellant, appellant went on to further exercise her right of allocution. Appellant's final statement to the court was "I was wrong." The court did not cut appellant off here. At this point, appellant simply stopped speaking.

{¶13} The trial court abruptly interrupted appellant to ask a question as she was exercising her right of allocution. The court could have approached this situation in a different manner. The court could have asked appellant once again if she had anything else she wished to say after she answered the court's question. Or yet the better approach would have been to wait until appellant was done speaking before asking her any questions.

{¶14} But the court allowed appellant to continue to speak after questioning her. Furthermore, appellant had the last word and chose to stop speaking after stating, "I was wrong." And appellant's counsel had already given a lengthy statement in mitigation. Therefore, we cannot conclude that the trial court failed to provide appellant with her opportunity to address the court in mitigation of sentence.

{¶15} Accordingly, appellant's first assignment of error is without merit.

{¶16} Appellant's second assignment of error states:

THE TRIAL COURT DID NOT COMPLY WITH THE APPLICABLE SENTENCING STATUTE WHEN IT SENTENCED THE DEFENDANT.

{¶17} Appellant contends here that the trial court failed to consider the applicable factors when sentencing her to 180-day consecutive sentences. She contends that she was sentenced to almost a year in jail "simply because she owned a pet." She points out that she does not have a history of persistent criminal activity. She states that there was no victim in this case. And she argues that she is unlikely

to commit future crimes.

{¶18} We review a trial court's sentence on a misdemeanor violation under an abuse of discretion standard. R.C. 2929.22; *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, ¶15, 815 N.E.2d 1155 (1st Dist.). Abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980). When reviewing a sentence, an appellate court is guided by the presumption that the trial court's findings were correct. *In re Slusser*, 140 Ohio App.3d 480, 487, 748 N.E.2d 105 (3d Dist.2000).

{¶19} In sentencing an offender on a misdemeanor, the court shall consider the factors set out in R.C. 2929.22(B)(1):

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.

**{¶20}** When the court's sentence is within the statutory limit, a reviewing court will presume that the trial court followed the standards in R.C. 2929.22 absent a showing to the contrary. *State v. Crable*, 7th Dist. No. 04-BE-17, 2004-Ohio-6812, ¶24.

**{¶21}** In this case, appellant was subject to a 180-day jail sentence on each of the two first-degree misdemeanors and a 90-day jail sentence on the second-degree misdemeanor. R.C. 2929.24(A)(1)(2). The court sentenced her to 180 days on each of the first-degree misdemeanors and did not impose a jail sentence on the second-degree misdemeanor. Because appellant's sentences are within the applicable ranges, we will presume that the trial court considered the R.C. 2929.22(B)(1) factors.

**{¶22}** The trial court did not make any specific findings as to the R.C. 2929.22 factors. However, in a misdemeanor case, a silent record creates a rebuttable presumption that the sentencing court considered the statutory sentencing criteria. *State v. Vittorio*, 7th Dist. No. 09-MA-166, 2011-Ohio-1657, ¶26, citing *State v. Best*, 7th Dist. No. 08-MA-260, 2009-Ohio-6806, ¶14.

**{¶23}** Appellant attempts to argue that some of the sentencing factors weighed in her favor. But she fails to consider some also weighed against her. For instance, she has a prior conviction involving an animal offense. And the circumstances of the present offense were that four charges against her were dismissed in exchange for her no contest plea.

**{¶24}** Additionally, while the trial court did sentence appellant to two, maximum 180-day sentences on the two first-degree misdeamors, it chose not to impose any jail term for the second-degree misdemeanor where it could have imposed another 90 days.

**{¶25}** Given the above, appellant cannot overcome the presumption that the trial court considered the applicable sentencing factors. Therefore, the trial court did not abuse its discretion in sentencing appellant.

**{¶26}** Accordingly, appellant's second assignment of error is without merit.

{¶27} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

DeGenaro, P.J., concurs.