[Cite as *State v. Fahmawi*, 2014-Ohio-4162.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 13 CO 48 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| SALEH FAHMAWI, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
Court, Case No. 12 CR 238.

JUDGMENT:      Affirmed.

APPEARANCES:
For Plaintiff-Appellee:      Attorney Robert L. Herron
Prosecuting Attorney
Attorney Ryan Weikart
Asst. Prosecuting Attorney
105 S. Market Street
Lisbon, OH 44432

For Defendant-Appellant:      Attorney Rhys-Cartwright Jones
42 North Phelps Street
Youngstown, OH 44503-1130

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: September 19, 2014

DeGenaro, P.J.

{¶1} Defendant–Appellant, Saleh Fahmawi, appeals the November 26, 2013 judgment of the Columbiana County Court of Common Pleas convicting him of one count of attempted theft, following a guilty plea, and sentencing him accordingly. On appeal, Fahmawi argues the sentence imposed by the trial court was erroneous. Because the trial court's sentence was not an abuse of discretion, the judgment is affirmed.

{¶2} The Columbiana County Grand Jury indicted Fahmawi on one count of theft by deception, R.C. 2913.02(A)(3); one count of telecommunications fraud, R.C. 2913.05(A); and one count of receiving stolen property, R.C. 2913.51(A), all fourth-degree felonies. According to the Bill of Particulars, Fahmawi owned the Lisbon Street Market in East Liverpool. On or about August 23, 2012, an undercover investigator presented Fahmawi and his brother and co-defendant with a winning lottery ticket, which was worth $10,000. Apparently the lottery terminal simply flashed winner for a winning ticket and it was up to the store clerk to determine the amount to pay out.

{¶3} Fahmawi and his brother validated the ticket using an Ohio Lottery terminal, printed a file claim ticket, retained the ticket and represented to the undercover investigator that he had only won $25 on the ticket, which they provided to the investigator in cash. The brothers retained the ticket and provided it to Fahmawi's wife, who was also a co-defendant, who then filed a claim for $10,000 at the Ohio Lottery Commission office in Youngstown on September 7, 2012.

{¶4} On September 13, 2013, Fahmawi entered into a plea agreement with the State. He agreed to plead guilty to the lesser included offense of attempted theft, R.C. 2923.02(A), a first-degree misdemeanor and to cooperate against his co-defendant if necessary. In exchange, the State agreed to dismiss Counts II and III of the indictment and to recommend a 180-day jail sentence with 170 days suspended, i.e., a 10-day net jail term, with Fahmawi being placed on community control for 3 years. The State recommended community control terms, along with a fine. Fahmawi was informed that the sentencing court was not a party to the plea agreement and therefore not bound by it. Fahmawi chose not to agree to a stipulated sentence, and instead, requested a pre-

sentence investigation and future sentencing date. Following a plea hearing, the trial court accepted Fahmawi's guilty plea as knowingly, voluntary and intelligent.

{¶5} On November 25, 2013 a sentencing hearing was held, where the State kept its promise to recommend a 180-day jail sentence with 170 days suspended. The State argued that although it was a misdemeanor offense, some jail sanction was appropriate because Fahmawi acted in concert with his brother/co-defendant to perpetuate the lottery scam.

{¶6} Defense counsel argued that jail was unnecessary in that Fahmawi understood the severity of his conduct and had already been punished by losing his business, almost losing his wife and seeing his brother being taking into DHS custody on an immigration hold. He further argued that the crime was one of opportunity and temptation, and noted that Fahmawi's PSI did not involve a "rank history of moral turpitude." He added: "I understand that he doesn't come before this Court with a clean Criminal [sic] background but this isn't somebody who has a record of theft or fraud on this level, which leaves me inclined to believe this was a one time [sic] occurrence that this Court wouldn't be likely to see again." The trial court asked Fahmawi if he had anything to say in mitigation of punishment; Fahmawi said he "was sorry for what [he had] done and it would never be repeated again."

{¶7} The trial court sentenced Fahmawi to a 20-day jail sentence to be followed by four years of regularly supervised community control. The trial court "reserve[d] jurisdiction to impose the maximum sentence in this case permitted by law in the event of the Defendant's noncompliance with the terms of his community control." The trial court also stayed execution of his sentence pending appeal.

{¶8} In his sole assignment of error, Fahmawi asserts:

{¶9} "The trial court erred in imposing a sentence double that which the State recommended."

{¶10} In sentencing an offender on a misdemeanor, the court shall consider the factors set out in R.C. 2929.22(B)(1). Misdemeanor sentences are reviewed for an abuse of discretion. R.C. 2929.22; *State v. White*, 7th Dist. No. 12 MA 47, 2012-Ohio-6136,

¶25. An "[a]buse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon*, 7th Dist. No. 10 MA 185, 2013-Ohio-2951, ¶21.

{**¶11**} Fahmawi asserts that the trial court abused its discretion by sentencing him to a 20-day sentence, instead of the 10-day sentence recommended by the State. Further, he argues that the trial court erred by failing to consider the above statutory factors when sentencing him.

{**¶12**} With regard to the latter contention, this court has held that "[w]hen the trial court's sentence is within the statutory limit, a reviewing court will presume that the trial court followed the standards in R.C. 2929.22 absent a showing to the contrary." *State* v. *Bodnar,* 7th Dist. No. 12–MA–77, 2013-Ohio-1115, ¶20; citing *State v. Crable*, 7th Dist. No. 04 BE 17, 2004-Ohio-6812, ¶24. This court has also recognized that "in a misdemeanor case, a silent record creates a rebuttable presumption that the sentencing court considered the statutory sentencing criteria." *Bodnar* at ¶22; citing *State v. Vittorio*, 7th Dist. No. 09 MA 166, 2011-Ohio-1657, ¶26; and *State v. Best*, 7th Dist. No. 08 MA 260, 2009-Ohio-6806, ¶14.

{**¶13**} Here Fahmawi could have been sentenced to up to 180 days in jail for the first-degree misdemeanor offense, *see* R.C. 2929.24(A)(1). Thus the sentence he received, 20 days in jail and 4 years of community control, was within the statutory range. There is nothing indicating the trial court failed to consider the proper factors.

{**¶14**} Further, the sentence chosen was not unreasonable given the totality of the record. Although he pled to a lesser offense, Fahmawi was accused of acting in concert with his brother and wife to steal a winning $10,000 lottery ticket from an individual they believed to be a customer of Fahmawi's convenience store. In addition, Fahmawi was unable to abide by the terms of his bond and committed an additional criminal offense while this case was pending. The information contained in the PSI also supports the trial court's chosen sentence.

**{¶15}** Thus, it was well within the trial court's discretion to sentence Fahmawi to 20 days in jail. Accordingly, Fahmawi's sole assignment of error is meritless and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.