[Cite as *State v. Roach*, 2016-Ohio-4656.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 15 BE 0031 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| SCOTT MICHAEL ROACH, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:           Criminal Appeal from the Court of
                                    Common Pleas of Belmont County,
                                    Ohio
                                    Case No. 14-CR-294

JUDGMENT:                           Affirmed.

APPEARANCES:

For Plaintiff-Appellee:             Atty. Dan Fry
                                    Belmont County Prosecutor
                                    146 A West Main Street
                                    St. Clairsville, Ohio  43950


For Defendant-Appellant:            Atty. Robert. A. Miller
                                    Miller Law Office
                                    329 North Fourth Street
                                    Steubenville, Ohio 43952

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                    Dated:  June 17, 2016

ROBB, J.

**{¶1}** Defendant-Appellant Scott Michael Roach appeals the sentence entered by the Belmont County Common Pleas Court. Appellant argues the trial court denied him his right of allocution at the sentencing hearing in violation of Crim.R. 32 (A)(1). For the following reasons, we conclude Appellant was provided the right of allocution at sentencing, and the trial court's judgment is affirmed.

## STATEMENT OF THE CASE

**{¶2}** On October 26, 2014, Appellant threw a sippy cup full of milk at his six-year-old autistic son. The cup hit the child in the eye and caused a large bruise on the child's face. He was arrested two days later on the charge of child endangering in violation of R.C. 2919.22(B)(1), which division relates to the abuse of a child. The offense was a fourth degree felony due to a prior rape conviction involving a child.

**{¶3}** On March 30, 2015, Appellant pled guilty to fourth-degree felony child endangering. The court ordered a pre-sentence investigation and victim impact statement. The sentencing hearing proceeded on April 13, 2015. Defense counsel acknowledged that Appellant responded poorly to a stressful situation by acting in a fit of rage. He said the child's injury was not serious, noting the offense would have been a misdemeanor if not for the prior conviction from the early 1990's. Counsel provided the court with a report from the Tri-County Help Center, showing Appellant completed a domestic abuse intervention program. Appellant enrolled in this twelve-week program on his own initiative. (Tr. 3).

**{¶4}** Defense counsel explained the incident resulted in divorce proceedings and a no-contact order by the domestic relations court as to the subject child and Appellant's two-year-old child. (Tr. 3-4). It was said Appellant understood the hard work required to address his issues. Counsel asked for community control with incarceration via placement at EOCC (Eastern Ohio Correction Center). (Tr. 4). The following colloquy then occurred:

> THE COURT: Thank you, [defense counsel]. Mr. Roach, is there anything you'd like to add, sir?
>
> THE DEFENDANT: I wished it would never have happened, but …

THE COURT: Everyone in this courtroom wishes that, sir.

THE DEFENDANT: I understand that.

THE COURT: All right. Is [the mother] present? (Tr. 4-5).

{¶5} The child's mother referred to the victim impact statement. The court asked defense counsel a question about the prior offense and then made sentencing findings. The court sentenced Appellant to a maximum sentence of eighteen months in prison. Appellant appealed from the April 13, 2015 sentencing entry. A new attorney was appointed for purposes of appeal.

ASSIGNMENT OF ERROR

{¶6} Appellant's sole assignment of error provides:

"THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING THE APPELLANT THE RIGHT OF ALLOCUTION."

{¶7} Appellant asserts the trial court denied his allocution right in violation of Crim.R. 32(A)(1). He points out that the trial court's affirmative duty to offer allocution is not an empty ritual; it provides the defendant his last opportunity to express remorse or provide other mitigating circumstances. *Citing* R.C. 2929.12(C)(5), (E)(5) (listing whether the defendant shows genuine remorse as a sentencing factor). Appellant contends that after he began exercising his right of allocution, the trial court interrupted him and provided him with no further opportunity to address the court.

{¶8} Crim.R. 32(A) provides: "At the time of imposing sentence, the court shall do all of the following: (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." The genesis of this rule is the common law right of allocution. *See, e.g., Green v. United States*, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961).

{¶9} As Appellant points out, "the inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *State v. Green*, 90 Ohio St.3d 352, 359-60, 738 N.E.2d 1208 (2000) (reversing a capital case where the court's invitation was not unambiguously made to the defendant personally and where it was ambiguous as to whether the invitation

applied to capital offenses as well as non-capital offenses). The trial court has the affirmative obligation to personally ask the defendant if he wishes to exercise his allocution right. *See id.* at 359; *State v. Campbell*, 90 Ohio St.3d 320, 324-325, 738 N.E.2d 1178 (2000). *See also Green*, 365 U.S. at 305 ("Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.")

{¶10} As a result, the right is not waived by a mere lack of objection. *Campbell*, 90 Ohio St.3d 324. The right can, however, be waived if the trial court provides the defendant the opportunity to speak, and the defendant fails to do so. *Id.* at 325. A violation of the right of allocution is also subject to the invited error and harmless error doctrines. *Id.* at 326. As to harmless error, the Supreme Court has explained, "a trial court's failure to address the defendant at sentencing is not prejudicial in every case." *Id.* at 325. The Court found an allocution omission to be harmless error in a capital case where defense counsel made a statement to the judge on the defendant's behalf and the defendant made an unsworn statement to the jury in the penalty phase and sent a letter to the judge. *State v. Reynolds*, 80 Ohio St.3d 670, 684, 687 N.E.2d 1358 (1998).

{¶11} Here, the trial court personally invited Appellant to speak prior to imposing sentence. The invitation was not ambiguous. The exact language employed by the rule is not required. *State v. Wallace*, 7th Dist. No. 12MA180, 2013-Ohio-2871, ¶ 10-11 (after defense counsel spoke, the court made some direct comments to the defendant and then asked, "Anything you want to say about these matters, sir?"); *State v. Crable*, 7th Dist. No. 04BE17, 2004-Ohio-6812, ¶ 20 (after defense counsel made his statement, the trial court asked, "Mr. Crable, anything that you wish to say before I impose a sentence here?"). *See also State v. Massey*, 5th Dist. No. 2006-CA-370, 2007-Ohio-3637, ¶ 30-31.

{¶12} Appellant initially accepted this invitation to exercise his allocution right. He began, "I wished it would never have happened, but…" Appellate counsel believes the trial court cut off Appellant mid-sentence by stating, "Everyone in this

courtroom wishes that, sir." However, the fact that the court spoke after Appellant uttered the word "but" does not necessarily mean the court interrupted him.

{¶13} Rather, it would appear Appellant stopped speaking after expressing his remorse. "A record * * * unlike a play, is unaccompanied by stage directions" and thus does not disclose significant gestures or express the length of pauses, for instance. *See Green*, 365 U.S. at 304-305. The record here suggests Appellant trailed off mid-sentence.

{¶14} This is considered a "deliberately incomplete sentence." *Chicago Manual of Style* 13.53 (16th ed.2010). The common practice is: "Three dots are used at the end of a quoted sentence that is deliberately left grammatically incomplete." *Id.* The transcript uses an ellipsis, or three dots, after Appellant's sentence.

{¶15} By way of contrast, the court clearly interrupted counsel at page two in the transcript. To indicate this interruption, the court reporter used two dashes. This is also consistent with the *Chicago Manual of Style. See id.* at 6.84 (using dashes to indicate interruption). We conclude the record does not indicate the trial court interrupted Appellant.

{¶16} In addition, even if a court interrupts a defendant's allocution, his right is not violated if he is permitted to speak after the interruption. *See State v. Bodnar*, 7th Dist. No. 12-MA-77, 2013-Ohio-1115, ¶ 12. Contrary to Appellant's argument, he was provided further opportunity to speak after the court commented, "Everyone in this room wishes that, sir." This opportunity is indicated by the fact that Appellant responded, "I understand that." Appellant did not continue speaking thereafter. There is no indication he had more to say. We also note the court's alleged interruption was a brief comment on Appellant's statement, as opposed to a lengthy commentary.

{¶17} Furthermore, defense counsel already gave a statement on Appellant's behalf and provided information in mitigation of punishment. He spoke of the twelve-week domestic violence course Appellant completed; he presented documentary evidence of this fact. Counsel described the injury as non-serious, noting the prior

conviction elevated the offense from a misdemeanor to a felony. He voiced that Appellant understood he needed to work hard to address his issues, including how to respond to stressful situations involving his children. He asked for time at EOCC and then community control.

**{¶18}** Plus, the court received Appellant's written statement two weeks before sentencing where he said he had been under stress due to the house falling apart, his spouse not helping around the house, and worries about how to heat the house with winter coming. Appellant said he did not intend to hit his son with the cup when he threw it in anger, urging it was a tragic accident. He declared his love for his children and said he missed them. He noted that he could not change what happened and expressed he was "truly sorry for what happened."

**{¶19}** Even assuming an irregularity in allocution existed, prejudice would be lacking; any irregularity would be harmless due to the presentation by defense counsel, Appellant's written statement, the trial court's personal invitation for Appellant to speak, and the allocution by Appellant that did occur.

**{¶20}** For all of these reasons, the trial court's judgment is affirmed.


Donofrio, P.J., concurs.

DeGenaro, J., concurs.