[Cite as *State v. Frazier*, 2019-Ohio-1546.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-33 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-597 |
| | : | |
| TRAVON M. FRAZIER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of April, 2019.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

V. GAYLE MILLER, Atty. Reg. No. 0091528, P.O. Box 10124, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Travon M. Frazier, appeals from his conviction and sentence in the Clark County Court of Common Pleas after he pled guilty to one count of improperly handling a firearm in a motor vehicle.   In support of his appeal, Frazier claims that the six-month prison sentence he received for his offense was contrary to law. Frazier also claims that his guilty plea and sentence should be vacated as a result of the State's breach of the parties' plea agreement.   Frazier further claims that his trial counsel provided ineffective assistance by failing to object to the State's breach of the plea agreement.   Having found no merit to any of Frazier's claims, we will affirm the judgment of the trial court.

### Facts and Course of Proceedings

{¶ 2} On October 10, 2017, the Clark County Grand Jury returned an indictment charging Frazier with one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2), with an attached firearm specification, one count of improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(B), and one count of carrying a concealed weapon in violation of R.C. 2923.12(A).   Each count included a forfeiture specification for certain items of property that Frazier allegedly used in the commission of the indicted offenses.

{¶ 3} As part of a plea agreement with the State, Frazier agreed to plead guilty to improperly handling a firearm in a motor vehicle.   Frazier also agreed to forfeit the items of property that were identified in the forfeiture specifications.   In exchange for Frazier's guilty plea and the forfeiture of property, the State agreed to dismiss the remaining

charges and firearm specification. The State also agreed to request a presentence investigation ("PSI") and to recommend community control sanctions.

{¶ 4} At the plea hearing, the prosecutor who negotiated the plea agreement with Frazier stated the terms of the plea agreement on the record. With regard to recommending community control, the prosecutor specifically advised that "the State of Ohio will recommend community control at disposition." Plea Trans. (Jan. 19, 2018), p. 3-4.

{¶ 5} The terms of the plea agreement were also memorialized on a plea form signed by Frazier and counsel. The plea form provided that in exchange for Frazier's guilty plea, the State would "[d]ismiss remaining counts and specifications. PSI. Recommendation of community control." Plea of Guilty (Jan. 19, 2018), Docket. No. 22, p. 2.

{¶ 6} Following a Crim.R. 11 plea colloquy, the trial court accepted Frazier's guilty plea. The parties thereafter appeared at court for sentencing on February 9, 2018. The prosecutor who covered the sentencing hearing was not the same prosecutor who had negotiated the plea agreement with Frazier.

{¶ 7} During the sentencing hearing, the trial court asked why the negotiating prosecutor had agreed to dismiss the other counts in the indictment and recommend community control. The prosecutor covering the hearing stated that his file did not indicate that a recommendation of community control was part of the plea agreement and that, if such a recommendation had been agreed to, he did not know why. In an attempt to clarify the matter, Frazier's defense counsel advised the trial court that: "The [negotiating] prosecutor was not going to recommend probation. He wasn't opposed to

it.   That's what we talked about in the plea arrangement."   Attempted Disposition Trans. (Feb. 9, 2018), p. 5.

{¶ 8} The trial court ultimately decided to continue the sentencing hearing so that the negotiating prosecutor could be present.   A second sentencing hearing was thereafter held on February 28, 2018.   At the second sentencing hearing, the prosecutor who had negotiated the plea agreement with Frazier advised the trial court that he was aware the court had some questions about the plea agreement.   The prosecutor then proceeded to explain why he had agreed to accept a plea to improperly handling a firearm in a motor vehicle as opposed to trafficking in marijuana.   Following that explanation, the prosecutor asked the trial court "to impose a sentence that is consistent with protecting the public and punishing Mr. Frazier for the offense that he committed[.]"   Disposition Trans. (Feb. 28, 2018), p. 4-5.

{¶ 9} At no point during the second sentencing hearing did the prosecutor recommend that Frazier be placed on community control, nor did the prosecutor discuss any agreement for such a recommendation.   Defense counsel did not object to any of the prosecutor's statements or lack thereof at the sentencing hearing.   Accordingly, the trial court proceeded to sentencing and sentenced Frazier to six months in prison for his offense.

{¶ 10} Frazier now appeals from his conviction and sentence, raising four assignments of error for review.


**First and Second Assignments of Error**

{¶ 11} For purposes of clarity, we will address Frazier's First and Second

Assignments of Error together, as they both challenge Frazier's six-month prison sentence as being contrary to law. Under his First Assignment of Error, Frazier contends that his sentence was contrary to law because the trial court did not indicate, at the sentencing hearing, that it considered the seriousness and recidivism factors in R.C. 2929.12. Under his Second Assignment of Error, Frazier contends that his sentence was contrary to law because the trial court failed to comply with R.C. 2929.19(A) by not affording him the opportunity to make a statement at the sentencing hearing *after* his sentence was imposed.

{¶ 12} As a preliminary matter, we note that in reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed was contrary to law.

{¶ 13} "In general, a sentence is not contrary to law when it is within the authorized statutory range and the trial court states that it has considered the principles and purposes of sentencing [set forth in R.C. 2929.11] and the seriousness and recidivism factors [set forth in R.C. 2929.12]." (Citation omitted.) *State v. Bradley*, 2d Dist. Greene No. 2017-CA-64, 2018-Ohio-3192, ¶ 5. " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' " *State v. Fyffe*, 2018-Ohio-112, 109 N.E.3d 51, ¶ 31 (2d Dist.), quoting *State v. King*, 2013-Ohio-

2021, 992 N.E.2d 491, ¶ 45 (2d Dist.).

{¶ 14} However, in exercising its discretion, a trial court must consider the statutory policies set out in R.C. 2929.11 and R.C. 2929.12. *State v. Castle*, 2016-Ohio-4974, 67 N.E.3d 1283, ¶ 26 (2d Dist.). A defendant's sentence is not contrary to law when the trial court expressly states in its sentencing entry that it has considered the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, but neglects to mention those statutes at the sentencing hearing. *State v. Battle*, 2d Dist. Clark No. 2014 CA 5, 2014-Ohio-4502, ¶ 15, citing *State v. Miller*, 2d Dist. Clark No. 09-CA-28, 2010-Ohio-2138, ¶ 43. Even if there is no specific mention of R.C. 2929.11 or R.C. 2929.12 in the record, it is presumed that the trial court gave proper consideration to those statutes. *State v. English*, 2d Dist. Montgomery No. 26337, 2015-Ohio-1665, ¶ 22.

{¶ 15} In this case, the trial court specifically stated in the sentencing entry that it had considered "the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." Judgment Entry of Conviction (Mar. 1, 2018), Docket No. 25, p. 1. The fact that the trial court did not make a similar statement at the sentencing hearing is irrelevant, as no such statement was required. Therefore, Frazier's claim that his sentence was contrary to law because the trial court failed to state at the sentencing hearing that it considered the factors under R.C. 2929.12 lacks merit.

{¶ 16} Also lacking in merit is Frazier's claim that his sentence was contrary to law due to the trial court's failure to comply with R.C. 2929.19(A). That statute provides, in pertinent part, as follows:

The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony[.] * * * The court shall * * * ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender.

R.C. 2929.19(A).

{¶ 17} Crim.R. 32(A)(1) similarly provides that: "At the time of imposing sentence, the court shall * * * address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

{¶ 18} "R.C. 2929.19(A) and Crim.R. 32(A)(1) unambiguously require that an offender be given an opportunity for allocution whenever a trial court imposes a sentence at a sentencing hearing." *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, ¶ 10, citing *State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178 (2000), paragraph one of the syllabus. Both this court and the Supreme Court of Ohio have recognized that a trial court complies with a defendant's right of allocution when it personally addresses the defendant and asks whether he or she has anything to say. *See, e.g., State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 180 (finding the trial court complied with defendant's right of allocution when, prior to being resentenced, the trial court asked the defendant "whether he wished to say anything, and [defendant] said that he did not"); *State v. Shuri*, 2d Dist. Greene No. 2009-CA-39, 2010-Ohio-1616, ¶ 4-6 (finding no violation of Crim.R. 32(A)(1) when, prior to sentencing, the trial court stated: "[Y]ou have the right to make a statement if you wish at this point in

time. You're not required to say anything, but if you want to say anything, I'm certainly willing to listen."). *See also State v. Hunter*, 2d Dist. Montgomery No. 13614, 1993 WL 290216, *5-6 (July 23, 1993).

{¶ 19} In this case, the record indicates that at both the attempted sentencing hearing and the actual sentencing hearing, the trial court asked Frazier if he wanted to say anything prior to being sentenced. Although he was given the opportunity to speak before he was sentenced, Frazier nevertheless claims his right of allocution was violated because the trial court did not give him the opportunity to speak *after* his sentence was imposed.

{¶ 20} Frazier has not provided any authority supporting the proposition that a defendant must be afforded the right to allocation after the trial court has imposed a sentence. In fact, the plain language of both R.C. 2929.19(A) and Crim.R. 32(A)(1) indicates otherwise.

{¶ 21} As previously noted, R.C. 2929.19(A) provides that the court shall "ask the offender whether the offender has anything to say *as to why sentence should not be imposed upon the offender.*" (Emphasis added.) Crim.R. 32(A)(1) also provides that the court must afford the defendant the opportunity to make a statement "*at the time of imposing sentence*" and that the defendant may "make a statement in his or her own behalf or present any information *in mitigation of punishment.*" (Emphasis added.) The language in both provisions indicates that a defendant must be given an opportunity to speak on his or her own behalf *before* the trial court imposes a sentence. This is logical because the right to allocution "represents a defendant's last opportunity to plead his case or express remorse." *State v. Green*, 90 Ohio St.3d 352, 360, 738 N.E.2d 1208 (2000).

{¶ 22} In *Green*, the Supreme Court of Ohio specifically held that "the trial court clearly erred in not explicitly asking [the defendant], in an inquiry directed only to him, whether he had anything to say *before he was sentenced*." (Emphasis added.) *Id.* at 359. In so holding, the Supreme Court explained that:

> [U]nder the comparable Federal Rules: "Trial judges *before sentencing*
> should * * * unambiguously address themselves to the defendant. * * *
> [J]udges should leave no room for doubt that the defendant has been issued
> a personal invitation to speak *prior to sentencing*."

(Emphasis added.) *Id.,* quoting *Green v. United States*, 365 U.S. 301, 305, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). Therefore, Frazier's claim that his sentence was contrary to law because the trial court did not give him an opportunity to speak after imposing his sentence lacks merit.

{¶ 23} Frazier's First and Second Assignments of Error are overruled.


**Third Assignment of Error**

{¶ 24} Under his Third Assignment of Error, Frazier claims that the State breached the parties' plea agreement by failing to recommend community control at sentencing. Frazier claims that because his decision to enter a guilty plea rested significantly on the State's agreement to recommend community control, his guilty plea was induced by a false promise, which warrants vacating his plea and sentence. Frazier also takes issue with the fact that the trial court was aware of the plea agreement and yet went forward with sentencing even though the State failed to recommend community control.

{¶ 25} "When a prosecutor induces a defendant to plead guilty based upon certain

promises, the prosecutor has a duty to keep those promises." *State v. Simpson*, 158 Ohio App.3d 441, 2004-Ohio-4690, 816 N.E.2d 609, ¶ 14 (2d Dist.), citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). (Other citation omitted.) Upon a breach of the agreement, the defendant is entitled to either specific performance by the State or withdrawal of the plea. *Id.*

{¶ 26} In an effort to establish that the State did not breach the parties' plea agreement, the State cites this court's opinion in *State v. Gibson*, 2d Dist. Greene No. 2017-CA-7, 2017-Ohio-6995. In *Gibson*, the defendant and the State entered a plea agreement wherein the State agreed to recommend community control sanctions. *Id.* at ¶ 3. On appeal, the defendant argued that the State breached the plea agreement by remaining silent at sentencing and not advocating for community control. *Id.* at ¶ 5. In finding no breach of the plea agreement, we stated as follows:

> [W]e see no breach of the plea agreement by the prosecutor. Unlike some agreements, the agreement in this case did not obligate the prosecutor to recommend community control *at sentencing*. The agreement simply stated: "The Defendant will plead guilty as charged in the indictment. *The State recommends* Community Control Sanctions and will not bring forward any new charges * * *." The State made its present-tense recommendation in the plea agreement itself, and the agreement was made part of the record. Nothing in the agreement obligated the prosecutor to repeat, at sentencing, the recommendation that already had been made and memorialized in the record.

(Emphasis sic.) *Id.* at ¶ 7.

{¶ 27} The instant case is distinguishable from *Gibson* in that the prosecutor specifically indicated at the plea hearing that "the State of Ohio will recommend community control *at disposition.*" (Emphasis added.) Plea Hearing Trans. (Jan. 19, 2018), p. 3-4. However, even then, at the first attempted sentencing hearing, defense counsel later advised the trial court that "[t]he prosecutor was not going to recommend probation. He wasn't opposed to it. That's what we talked about in the plea arrangement." Attempted Disposition Trans. (Feb. 9, 2018), p. 5. The record indicates the State in fact made no recommendation for community control at the sentencing hearing, which was consistent with what defense counsel had told the trial court. Therefore, when considering defense counsel's statement, it does not appear as though the prosecutor breached the parties' actual plea agreement.

{¶ 28} That said, even if we were to find that the prosecutor breached the plea agreement by not recommending community control at sentencing, we are limited to a plain-error review since Frazier did not object to the prosecutor's silence. *Gibson* at ¶ 8, citing *State v. Becraft*, 2d Dist. Clark No. 2016-CA-9, 2017-Ohio-1464, ¶ 37; *State v. Kline*, 2d Dist. Champaign No. 2009-CA-02, 2010-Ohio-3913, ¶ 5; *Puckett v. United States*, 556 U.S. 129, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (holding that a plain-error review is appropriate in the context of failing to object to the government's breach of a plea agreement).

{¶ 29} "To establish plain error, [Frazier] must point to an obvious error that affected the outcome of the proceedings below." *Kline* at ¶ 5, citing *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, 934 N.E.2d 920, ¶ 6. "Reversal is warranted only if the outcome 'clearly would have been different absent the error.' " *Id.*, citing *State v.*

*Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 30} In this case, Frazier cannot establish that the outcome of his case would have been different had the prosecutor recommended community control at the sentencing hearing. This is because the trial court would not have been bound to follow any such recommendation. *See State v. Alvarez*, 154 Ohio App.3d 526, 2003-Ohio-5094, 797 N.E.2d 1043, ¶ 15-16 (noting the sentencing court "was not in any way bound by the state's recommendation [that defendant receive community control sanctions]"); *In re Disqualification of Mitrovich*, 74 Ohio St. 3d 1219, 1220, 657 N.E.2d 1333 (1990) ("the acceptance or rejection of a plea bargain is within the sound discretion of the trial judge").

{¶ 31} We also note that the prosecutor did not advocate for a prison sentence at the sentencing hearing. Instead, the prosecutor simply asked the court "to impose a sentence that is consistent with protecting the public and punishing Mr. Frazier for the offense that he committed." Disposition Trans. (Feb. 28, 2018), p. 4-5. In doing so, the trial court determined that a prison sentence was appropriate. This was well within the trial court's discretion.

{¶ 32} It would be mere speculation to conclude that Frazier would have been sentenced differently had the prosecutor recommended community control. It is well-established that speculation does not suffice to demonstrate plain error. *See State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263, ¶ 108 (finding no plain error when the accused's claim "is totally speculative"); *State v. Sanders*, 92 Ohio St.3d

245, 265, 750 N.E.2d 90 (2001) (finding no plain error because defendant's claim "rests wholly on speculation" and "it is not clear that the outcome would have been otherwise but for the error"); *State v. Belcher*, 2d Dist. Montgomery No. 24968, 2013-Ohio-1234, ¶ 66 (finding no plain error "because any finding of prejudice would have to rely on speculation"). Therefore, when considering the facts of this case, the State's failure to recommend community control at the sentencing hearing did not constitute plain error.

**{¶ 33}** Frazier's Third Assignment of Error is overruled.

### Fourth Assignment of Error

**{¶ 34}** Under his Fourth Assignment of Error, Frazier contends that his trial counsel provided ineffective assistance by failing to raise an objection at the sentencing hearing when the prosecutor failed to recommend community control. Frazier contends that he was prejudiced by this failure because it waived all but plain error with regard to his claim that the State breached the parties' plea agreement.

**{¶ 35}** Alleged instances of ineffective assistance of trial counsel are reviewed under the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To prevail on an ineffective assistance claim, a defendant must establish: (1) that his or her trial counsel's performance was deficient and (2) that the deficient performance resulted in prejudice. *Strickland* at paragraph two of the syllabus; *Bradley* at paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 36} To establish deficient performance, it must be shown that trial counsel's performance fell below an objective standard of reasonable representation. *Id.* at 688. In evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

{¶ 37} To establish prejudice, the defendant must demonstrate that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688 and *Bradley* at paragraph two of the syllabus. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bradley* at 142, quoting *Strickland* at 694.

{¶ 38} We stress that " '[a] claim of ineffective assistance of counsel cannot be predicated upon a matter which did not constitute error.' " *State v. Lanier*, 2d Dist. Clark No. 2007 CA 77, 2008-Ohio-4018, ¶ 42, quoting *State v. Harrison*, 2d Dist. Montgomery No. 21548, 2007-Ohio-2421, ¶ 22. As previously noted, Frazier's defense counsel advised the trial court that "[t]he prosecutor was not going to recommend probation. He wasn't opposed to it. That's what we talked about in the plea arrangement." Attempted Disposition Trans. (Feb. 9, 2018), p. 5. Frazier does not mention this comment in his appellate brief nor challenge it in any manner. Rather, in support of his ineffective assistance claim, Frazier simply argues that his trial counsel was ineffective in failing to object when the State did not recommend community control at sentencing. However,

when considering defense counsel's comment about the parties' plea agreement, it does not appear as though such an objection would have been warranted.

{¶ 39} Although the record establishes that the State, for whatever reason, indicated a recommendation of community control was part of the plea agreement, defense counsel later explained to the trial court that the parties' actual agreement did not include a recommendation for community control. Rather, defense counsel explained that the State was simply not going to oppose community control, which is what transpired at the second sentencing hearing. Based on defense counsel's clarification of the plea agreement, which Frazier does not challenge on appeal, we do not find that defense counsel was deficient in failing to object when the State did not recommend community control at sentencing. Therefore, because Frazier cannot establish deficient performance on the part of this trial counsel, his ineffective assistance claim must fail.

{¶ 40} Frazier's Fourth Assignment of Error is overruled.

## Conclusion

{¶ 41} Having overruled all four assignments of error raised by Frazier, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL J., concurs.

FROELICH, J., concurs:

{¶ 42} The State promised, both orally at the plea hearing and in a written plea form, that in exchange for Frazier's plea of guilty it would recommend community control

at disposition. Instead, at disposition, the prosecutor explicitly asked the court "to impose a sentence that is consistent with protecting the public and punishing Mr. Frazier for the offense that he committed."

**{¶ 43}** When defense counsel stated that the "prosecutor was not going to recommend probation. He wasn't opposed to it…," he specifically contradicted the oral and written representations of the State; this was compounded by the court's failure to inform the Frazier that it was not bound by the State's recommendation.

**{¶ 44}** Frazier's only assigned error challenges the court's sentence. As in tort law, there can be an unintended breach of a duty, but still be no remedy unless there is proven injury or damages; even if the State had kept its promises, it is, on this record, speculation as to what the sentence would have been.

Copies sent to:

Andrew P. Pickering
V. Gayle Miller
Hon. Douglas M. Rastatter