[Cite as *State v. Flowers*, 2025-Ohio-2071.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

      Plaintiff-Appellee,         :

                                   No. 114287

      v.                          :

ARTEZ M. FLOWERS,                        :

      Defendant-Appellant.        :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** June 12, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-690045-A

---

### *Appearances:*

Michael P. Maloney, *for appellant*.


KATHLEEN ANN KEOUGH, J.:

{¶ 1} Appellant Artez M. Flowers filed a notice of appeal of his convictions and sentence following his guilty plea. After reviewing the record, Flowers's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), seeking leave to withdraw as appellate counsel. After a full review of the record, we grant counsel's motion to withdraw and dismiss the appeal.

## I. Background

{¶ 2} The State charged Flowers in an eight-count indictment as follows: Count 1 charged attempted murder in violation of R.C. 2923.02/2923.02(A), a felony of the first degree; Counts 2 and 3 charged felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1) and (2), respectively; Count 4 charged strangulation in violation of R.C. 2903.18(B)(1), a second-degree felony; Counts 5 and 6 charged strangulation in violation of R.C. 2903.18(B)(2) and (3), respectively, third-degree felonies; Count 7 charged domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor; and Count 8 charged assault in violation of R.C. 2903.13(A), with a furthermore specification that the victim in this count was a peace officer while in performance of the officer's official duties. Counts 1 through 4 each carried a notice-of-prior-conviction ("NPC") and repeat-violent-offender ("RVO") specification.

{¶ 3} The charges arose out of an incident that occurred on March 7, 2024, when Flowers brutally attacked his female friend, strangled her repeatedly with a cord, gouged out her right eye with a screwdriver, and then attempted to remove her left eye, leaving the victim completely blind. The victim suffered deep lacerations to her face, hands, and scalp, requiring stitches and surgery. Following Flowers's arrest, officers transported him to a hospital, where Flowers punched a police officer in the face.

{¶ 4} Flowers accepted the State's plea offer and pleaded guilty to Count 1, attempted murder, including the NPC and RVO specifications as charged in the

indictment and Count 8, assault of a peace officer as charged in the indictment. As part of the plea agreement, Flowers agreed that (1) the offenses were not allied, and (2) the State reserved the right to indict Flowers for homicide offenses if the victim succumbed to the inflicted injuries. The State requested a presentence-investigation report, and Flowers requested a mitigation report, both of which the court ordered, obtained, and reviewed prior to sentencing.

{¶ 5} Following the presentation of exhibits showing the harm inflicted, an impact statement from the victim, mitigation arguments, and allocution by Flowers, the trial court ordered Flowers to serve a prison term of 17 to 22 years.

## II. *Anders* Review

{¶ 6} Based on his belief that no error occurred in the trial court and that any grounds for appeal would be frivolous, Flowers's counsel filed a motion to withdraw pursuant to *Anders*. This court entered a judgment entry granting Flowers 49 days to file a supplemental pro se brief raising any additional assignments of error. That time has expired, and Flowers has not filed a supplemental brief.

{¶ 7} In *Anders*, the United States Supreme Court outlined a procedure for counsel to follow to withdraw due to counsel's belief that an appeal would be frivolous. Specifically, if after a conscientious examination of the record counsel finds the appeal to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders*, 386 U.S. at 744. Counsel's request to withdraw "must be accompanied by a brief referring to anything in the record that

might arguably support the appeal." *Id.* Counsel must also furnish a copy of the brief to his client, and the court must allow time for the appellant to file his own pro se brief. *Id.*

{¶ 8} When these requirements have been satisfied, the appellate court must complete a full examination of the trial court proceedings to determine whether the appeal is "wholly frivolous." *Id.* If the court, after its full review, "finds any of the legal points arguable on their merits (and therefore not frivolous), it must . . . afford the indigent the assistance of counsel to argue the appeal." *Id.* If, however, the court determines that the appeal is wholly frivolous, the appellate court may grant the motion to withdraw and dismiss the appeal. *Id.*

{¶ 9} Some judges of this court have criticized the *Anders* approach and suggested eliminating the *Anders* procedure. *See, e.g., State v. Ruffin*, 2020-Ohio-5085 (8th Dist.) (S. Gallagher, J., dissenting); *State v. Sims*, 2019-Ohio-4975 (8th Dist.) (Boyle, J., dissenting). Other districts have declined to accept *Anders* briefs, noting that the procedure is a constitutional safeguard but not a constitutional requirement. *See, e.g., State v. Wilson*, 2017-Ohio-5772 (4th Dist.); *State v. Wenner*, 2018-Ohio-2590 (6th Dist.); *State v. Cruz-Ramos*, 2018-Ohio-1583 (7th Dist.). And, Justice Fisher in his dissenting opinion in *State v. Upkins*, 2018-Ohio-1812, outlined the existence of "a number of problems regarding *Anders* briefs" in Ohio and asserted that the Court's decision dismissing the *Upkins* appeal as improvidently allowed deprived the Court of the opportunity to resolve "several of those problems." *Upkins* at ¶ 2 (Fisher, J., dissenting).

{¶ 10} Nevertheless, the Eighth District "continues to follow the procedures announced in *Anders*." *State v. Phillips*, 2022-Ohio-375, ¶ 9 (8th Dist.), citing *State v. Taylor*, 2015-Ohio-420 (8th Dist.); *State v. Williams*, 2019-Ohio-3766 (8th Dist.); *In re J.L.*, 2020-Ohio-5254 (8th Dist.). We are mindful, however, that "wholly frivolous" is not synonymous with "non-meritorious." Therefore, we must consider whether the appeal is wholly frivolous before granting counsel's request to withdraw. Although Flowers's counsel asserts that an appeal in this case satisfies this requirement, counsel suggests that the only arguable error would be whether Flowers entered a knowing, intelligent, and voluntary guilty plea.

{¶ 11} A defendant must make a guilty plea knowingly, intelligently, and voluntarily, and "[f]ailure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 1996-Ohio-179, ¶ 7. To ensure that a plea is entered knowingly, intelligently, and voluntarily, Crim.R. 11(C) requires the trial judge to determine whether the criminal defendant is fully informed of his constitutional and nonconstitutional rights. The court must also confirm that the defendant understands the consequences of his plea before accepting a guilty plea. *Id.* Counsel asserts that an appeal on this basis would be frivolous, however, because the trial court complied with the requirements of Crim.R. 11(C) and Flowers entered a knowing, intelligent, and voluntary guilty plea.

{¶ 12} We have conducted a full examination of the record on the legal points raised and also find that the trial court complied with the requirements of

Crim.R. 11(C) before accepting Flowers's plea. The court thoroughly advised Flowers of the rights he would waive by pleading guilty, and Flowers acknowledged that he understood those rights. The court also advised Flowers of the penalties he could face by pleading guilty, which included a discussion that he would be sent to prison, the effect of the Reagan Tokes Law, and the State's reservation of its right to charge him with homicide offenses if the female victim succumbed to her injuries. Flowers further acknowledged that he understood the consequences of his plea. The trial court also established that Flowers was satisfied with his attorney and that his attorney had engaged in a full explanation of the charges, the evidence, his rights, and possible penalties, and answered all his questions. Further, the trial judge established that Flowers had not been promised anything or threatened by anyone in order to get him to change his plea. Finally, the judge confirmed that the parties were satisfied that the trial court had complied with Crim.R. 11(C) in accepting Flowers's guilty plea.

## III. Conclusion

{¶ 13} Based on our full review of the record, we agree with counsel that the trial court complied with Crim.R. 11(C) when accepting Flowers's guilty plea and that there are no grounds for appeal on this basis. Flowers has not identified any additional errors, nor have we found any other arguable grounds for appeal. Accordingly, pursuant to *Anders*, we grant counsel's request to withdraw and the appeal is dismissed.

{¶ 14} Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

EMANUELLA D. GROVES, P.J., and
ANITA LASTER MAYS, J., CONCUR