[Cite as *State v. Hartness*, 2025-Ohio-4584.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                            :

    Plaintiff-Appellee,          :

    v.                                      :

KENNETH HARTNESS,                 :

    Defendant-Appellant.      :

No. 114241

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 2, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-689560-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Dominic Neville, Assistant Prosecuting Attorney, *for appellee.*

Jonathan N. Garver, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Kenneth Hartness appeals his conviction for felonious assault, abduction, and strangulation of his relative, and the resulting 12.5- to 16.5-year aggregate term of imprisonment. For the following reasons, we affirm.

{¶ 2} According to the victim, Hartness struggles with mental-health issues and has a history of aggression toward family members that has left them terrified. On the day of the incident leading to the current conviction, Hartness attacked and severely beat the victim in their shared home. During the attack, Hartness posted comments to social media expressing suicidal ideations. When police officers responded, they found the victim with such extensive injuries that they believed she had been shot in the head. The victim sustained open wounds requiring over 100 staples or sutures and surgery.

{¶ 3} Hartness pleaded guilty to felonious assault, in violation of R.C. 2903.11(A)(1); abduction, in violation of R.C. 2905.02(A)(2); strangulation, in violation of R.C. 2903.18(B)(3); and domestic violence, in violation of R.C. 2919.25(A). The domestic-violence count merged into the strangulation conviction. The trial court sentenced Hartness to a stated minimum prison term of eight years for the felonious assault, a definite three years for the abduction, and 18 months for the strangulation — all of which were imposed to be served consecutively resulting in the 16.5-year maximum term. The trial court also imposed a $5,000 fine. At the close of the sentencing hearing, the trial court denied Hartness's request for appointed appellate counsel, stating that Hartness "can hire his own lawyer if he wants" to appeal the conviction.[1] Tr. 35:7-18.

---

[1] We cannot condone the deprivation of a defendant's constitutional right to appellate counsel. All defendants are entitled to court-appointed counsel once declared indigent. Nothing in the record demonstrates that Hartness was denied counsel based on his financial means at the time of sentencing. Nonetheless, any deprivation of constitutional rights did not prejudice Hartness in this particular case. He timely

{¶ 4} Hartness retained appellate counsel to file this appeal. Retained counsel filed a motion to withdraw, citing *Anders v. California*, 386 U.S. 738 (1967), and his inability to present any meritorious argument. This panel granted the motion to withdraw but on different grounds, noting that adherence to the procedure under *Anders* was unnecessary because the attorney was retained and merely stating that arguments would be without merit was insufficient to warrant dismissal of the appeal. *See, e.g., State v. Davis*, 2017-Ohio-7713, ¶ 8 (8th Dist.) (retained counsel was permitted to withdraw without reviewing a brief filed under *Anders*); *State v. Roberts*, 2020-Ohio-3391, ¶ 4 (2d Dist.) (retained counsel may simply withdraw citing irreconcilable differences, and new counsel may be appointed upon request). Under *Anders*, an appeal may be dismissed only if the appointed counsel demonstrates that any and all potential appellate arguments would be wholly frivolous if advanced. *Anders* at 742-743 (concluding that an allegation that any appeal would be without merit was not sufficient to satisfy the frivolity standard); *see also State v. Flowers*, 2025-Ohio-2071, ¶ 10 (8th Dist.). Anything less deprives the appellant of his right to counsel. *But see State v. Johnson,* 2025-Ohio-2592 (8th Dist.) (affirming the convictions based on the arguments presented by the pro se appellant whose appointed counsel was granted leave to withdraw based on the claim that no meritorious arguments existed). Although the

---

preserved his appellate rights, and despite the procedural irregularities, appellate counsel was ultimately appointed.

retained counsel's brief under *Anders* was deficient, this panel granted him leave to withdraw and new counsel was appointed to represent Hartness in this appeal.

{¶ 5} Hartness now advances three assignments of error: that his maximum consecutive sentences are excessive and unsupported by the record; that the court erred by imposing the fine despite Hartness's indigency; and that the trial court denied him the right of allocution by repeatedly interrupting him and not permitting him to finish addressing the court. Although the arguments lack merit, none is wholly frivolous. Each assignment of error will be addressed in turn.

{¶ 6} Under his first assignment of error, Hartness claims the trial court's imposition of maximum, consecutive sentences is not supported by the record. He acknowledges, however, that the trial court made the requisite findings for imposing consecutive sentences under R.C. 2929.14(C)(4).

{¶ 7} Appellate review of the imposition of consecutive sentences is narrow. *State v. Rapier*, 2020-Ohio-1611, ¶ 12 (8th Dist.). Under R.C. 2953.08(G)(2), an appellate court "must examine the evidence in the record that supports the trial court's findings" and "may modify or vacate the sentence only if it 'clearly and convincingly finds' that the evidence does not support the trial court's R.C. 2929.14(C)(4) findings." *State v. Glover*, 2024-Ohio-5195, ¶ 45, quoting R.C. 2953.08(G)(2)(a).

{¶ 8} Hartness's sole argument is that although the victim suffered serious harm from the protracted assault, that harm was not so great or unusual to justify the consecutive sentences. According to him, the aggregate term is "overkill."

Essentially, Hartness is inviting this panel to conduct a de novo review of the factors considered for sentencing purposes. Appellate courts, however, cannot review the weight of individual considerations to determine whether a trial court erred in considering the facts underlying the consecutive-sentence findings. *Rapier* at ¶ 12, citing R.C. 2953.08(G)(2) and *State v. Marcum*, 2016-Ohio-1002; *see also State v. Venes*, 2013-Ohio-1891 (8th Dist.); *State v. Jones*, 2016-Ohio-8145, ¶ 17 (8th Dist.). The sole question in this appeal is whether it can be clearly and convincingly demonstrated that the record does not support the R.C. 2929.14(C)(4) findings. *Jones* at ¶ 18.

{¶ 9} Between the severity and duration of the assault and the victim's statements at sentencing regarding Hartness's propensity for violent episodes, we cannot conclude that the record clearly and convincingly does not support the finding that the harm was so great and unusual that consecutive sentences were necessary. *Accord State v. Stiver*, 2024-Ohio-65, ¶ 21 (8th Dist.) (noting the severity of the abuse, the depravity displayed by the defendant during and after the assault, and repeated criminal behavior were sufficient to support the consecutive-sentence findings). The first assignment of error is overruled.

{¶ 10} In the second assignment of error, Hartness claims the trial court erred by imposing the $5,000 mandatory fine despite his indigency and without considering his future ability to pay.

{¶ 11} "There are no express factors that must be taken into consideration nor specific findings that must be made by the court on the record, but there must

be some evidence in the record that the trial court considered the defendant's ability to pay." *State v. Schneider*, 2012-Ohio-1740, ¶ 10 (8th Dist.), citing *State v. Jacobs*, 2010-Ohio-4010, ¶ 11 (8th Dist.). A trial court may satisfy this requirement when the record shows that the court considered the presentence-investigation report that contains detailed information regarding the defendant's age, education, physical and mental health, finances, and employment history. *See State v. Brown*, 2020-Ohio-4474, ¶ 43 (8th Dist.).

{¶ 12} Hartness did not object to the court's imposition of the fines. He instead argues that the record shows that he is indigent and that it is not likely that he can afford to pay a $5,000 fine at any time in the foreseeable future. According to Hartness, at the time of the offense he was living with his mother, was behind on his child support, and although he was working part-time for a welding company, he has no assets or career to fall back on when he is released from prison. He maintains the totality of circumstances demonstrates the court failed to consider his present and future ability to pay the fine.

{¶ 13} "The fact that a defendant is 'indigent' or is represented by appointed counsel does not preclude a trial court from imposing financial sanctions." *Brown* at ¶ 42, citing *State v. Nitsche*, 2016-Ohio-3170, ¶ 76 (8th Dist.). Similarly, a lengthy prison sentence does not necessarily preclude a trial court from imposing financial sanctions. *Brown* at ¶ 42, citing *Nitsche* at ¶ 76. Although the trial court did not specifically inquire into his present or future ability to pay the financial sanction, the court ordered a PSI report, which demonstrated

that Hartness had some type of vocation for the purposes of future employment. Further, although Hartness was not employed and was behind on his child-support payments, the record shows he had posted a $10,000 surety bond at the onset of proceedings. This information was available for the trial court's consideration in making an informed decision about Hartness's future ability to pay the minimal fine. *See, e.g., State v. Rice*, 2022-Ohio-1068, ¶ 16 (8th Dist.).

{¶ 14} Hartness has not demonstrated error. The second assignment of error is overruled.

{¶ 15} In the third and final assignment of error, Hartness claims that the trial court's conduct "effectively denied [him] the right of allocution" because during the sentencing hearing "the trial court repeatedly interrupted [him], berated him, scolded him, used sarcasm to intimidate him, and then told him to sit down."

{¶ 16} The law is relatively settled. At sentencing, the trial court must address the defendant "and ask whether he or she wishes to make a statement or present information in mitigation of punishment" under Crim.R. 32(A)(1). *State v. Beasley*, 2018-Ohio-493, ¶ 200. "If the court imposes sentence without affording the defendant an opportunity to allocute, then resentencing is required unless the error was invited or harmless." *Id.*, citing *State v. Osie*, 2014-Ohio-2966, ¶ 179. In this case, the trial court offered Hartness the opportunity to speak but challenged his statements minimizing or excusing his conduct.

{¶ 17} Although the trial court spoke during Hartness's allocution, which could be best described as confrontational, it cannot be concluded that he was

denied his right to speak. The trial court followed the interruptions to the allocution by expressly permitting Hartness to speak further. The general rule in Ohio is that "[a] trial court complies with a defendant's right to allocution when it personally addresses the defendant and asks whether he or she has anything to say." *State v. Allison*, 2025-Ohio-484, ¶ 12 (2d Dist.), quoting *State v. Champeau*, 2024-Ohio-4602, ¶ 11, citing *State v. Frazier*, 2019-Ohio-1546, ¶ 18 (2d Dist.); *Osie* at ¶ 180. Although the trial court conversed with Hartness by challenging his statements attempting to excuse his conduct, at no point did Hartness cede his right to speak to the trial court. Although confrontational in tone, the trial court's interruptions were conversational in nature, responding to Hartness's attempt to downplay his responsibility or excuse his conduct based on vague assertions of mental-health issues or a rough childhood. Following the interruptions, the trial court expressly ensured that he was able to further speak. Although uninterrupted allocution could be considered the best practice, this is not a case where the defendant was "cowed" into silence by the interruptions. *Allison* at ¶ 13.

{¶ 18} The third and final assignment of error is overruled.

{¶ 19} Having overruled the assignments of error as presented, Hartness's convictions and sentences are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., CONCURS;
EILEEN T. GALLAGHER, J., CONCURS IN JUDGMENT ONLY